## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RCS CAPITAL CORPORATION, | ) | Case No. 16-10223 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN NATIONAL STOCK TRANSFER, LLC, | ) | Case No. 16-10224 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BRAVES ACQUISITION, LLC, | ) | Case No. 16-10225 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIRECTVEST, LLC, | ) | Case No. 16-10226 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |

01:18220960.1

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| J.P. TURNER & COMPANY CAPITAL MANAGEMENT, LLC, | ) Case No. 16-10227 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| RCS ADVISORY SERVICES, LLC, | ) Case No. 16-10228 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| RCS CAPITAL HOLDINGS, LLC, | ) Case No. 16-10229 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| REALTY CAPITAL SECURITIES, LLC, | ) Case No. 16-10230 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SBSI INSURANCE AGENCY OF TEXAS, INC., | ) Case No. 16-10231 (___) |
| | ) |
| Debtor. | ) |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SK RESEARCH, LLC, | ) | Case No. 16-10232 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRUPOLY, LLC, | ) | Case No. 16-10233 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WE R CROWDFUNDING, LLC, | ) | Case No. 16-10234 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER, PURSUANT TO
BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1, AUTHORIZING THE
JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their proposed undersigned attorneys, hereby file this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of David Orlofsky Chief Restructuring Officer of RCS*

*Capital Corporation in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[1] filed contemporaneously herewith.   In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

2.       On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner. Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[1]   Each capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

3.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

## **RELIEF REQUESTED**

4.      By this Motion, the Debtors request the Court enter the Proposed Order, authorizing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only.

5.      Many, if not virtually all, of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will jointly affect all of the Debtors.  For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of these chapter 11 cases.  In order to optimally and economically administer the Debtors' chapter 11 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Debtor RCS Capital Corporation.

6.      The Debtors also request that the Clerk of the Court maintain one (1) file and one (1) docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for Debtor RCS Capital Corporation.  In addition, the Debtors propose that the caption of these chapter 11 cases be modified as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RCS CAPITAL CORPORATION, et al., | ) | Case No. 16–10223 (   ) |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors.[1] | ) |  |

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: RCS Capital Corporation (4716); American National Stock Transfer, LLC (3206); Braves Acquisition, LLC (6437); DirectVest, LLC (9461); J.P. Turner & Company Capital Management, LLC (7535); RCS Advisory Services, LLC (4319); RCS Capital Holdings, LLC (9238); Realty Capital Securities, LLC (0821); SBSI Insurance Agency of Texas, Inc. (9203); SK Research, LLC (4613); Trupoly, LLC (5836); and We R Crowdfunding, LLC (9785).  The Debtors' corporate headquarters and mailing address is located at 405 Park Avenue, 12th Floor, New York, NY 10022.

7.     The Debtors also seek the Court's direction that a notation, substantially similar to the following proposed docket entry, be entered on the docket of each of the Debtors' chapter 11 cases, other than the case of RCS Capital Corporation, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of RCS Capital Corporation; American National Stock Transfer, LLC; Braves Acquisition, LLC; DirectVest, LLC; J.P. Turner & Company Capital Management, LLC; RCS Advisory Services, LLC; RCS Capital Holdings, LLC; Realty Capital Securities, LLC; SBSI Insurance Agency of Texas, Inc.; SK Research, LLC; Trupoly, LLC; and We R Crowdfunding, LLC. The docket in the chapter 11 case of RCS Capital Corporation, Case No. 16-10223, should be consulted for all matters affecting this case.

## BASIS FOR RELIEF

8.     Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Local Rule 1015-1 similarly provides

for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. In these chapter 11 cases, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.

9.      Additionally, the First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases. Joint administration will also permit the Clerk of the Court to utilize a single docket for all of the chapter 11 cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Because there will likely be numerous motions, applications, and other pleadings filed in these cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in all of the Debtors' cases to stay apprised of all the various matters before the Court.

10.      Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").

11.     Finally, the entry of joint administration orders in multiple related cases such as these is common in this District.  See, e.g., In re Haggen Holdings, LLC, Case No. 15-11874 (KG) (Sept. 10, 2015) and In re Boomerang Tube, LLC, Case No. 15-11247 (MFW) (June 10, 2015).

12.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## NOTICE

13.     (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis (excluding insiders); (v) the Securities and Exchange Commission; (vi) FINRA; (vii) Jones Day, LLP and Morris, Nichols, Arsht & Tunnell LLP, as counsel to the Required Consenting First Lien Lenders; (viii) Shearman & Sterling LLP and Richards, Layton & Finger, PA, as counsel to the First Lien Agent; (ix) Davis Polk & Wardwell, LLP and Landis Rath & Cobb LLP, as counsel to the Required Consenting Second Lien Lenders; (x) Covington & Burling, LLP, as counsel to the Second Lien Agent; and (xi) Kramer Levin Naftalis & Frankel LLP and Ashby & Geddes, P.A., as counsel to Luxor.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.


*Remainder of page intentionally left blank*

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: January 31, 2016
      Wilmington, DE

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ian J. Bambrick*

Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Robert F. Poppiti, Jr. (No. 5052)
Ian J. Bambrick (No. 5455)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1256

-and-

DECHERT LLP
Michael J. Sage (*pro hac vice* application pending)
Shmuel Vasser (*pro hac vice* application pending)
Stephen M. Wolpert (*pro hac vice* application pending)
Andrew C. Harmeyer (*pro hac vice* application pending)
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*PROPOSED COUNSEL TO THE DEBTORS*
*AND DEBTORS-IN-POSSESSION*

01:18220960.1

## **EXHIBIT A**

### **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RCS CAPITAL CORPORATION, | ) Case No. 16-10223 (___) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN NATIONAL STOCK TRANSFER, LLC, | ) Case No. 16-10224 (___) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| BRAVES ACQUISITION, LLC, | ) Case No. 16-10225 (___) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| DIRECTVEST, LLC, | ) Case No. 16-10226 (___) |
| | ) |
| | ) |
| Debtor. | ) |

01:18220960.1

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| J.P. TURNER & COMPANY CAPITAL MANAGEMENT, LLC, | ) Case No. 16-10227 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| RCS ADVISORY SERVICES, LLC, | ) Case No. 16-10228 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| RCS CAPITAL HOLDINGS, LLC, | ) Case No. 16-10229 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| REALTY CAPITAL SECURITIES, LLC, | ) Case No. 16-10230 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SBSI INSURANCE AGENCY OF TEXAS, INC., | ) Case No. 16-10231 (___) |
| | ) |
| Debtor. | ) |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SK RESEARCH, LLC, | ) | Case No. 16-10232 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRUPOLY, LLC, | ) | Case No. 16-10233 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WE R CROWDFUNDING, LLC, | ) | Case No. 16-10234 (___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER, PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1, AUTHORIZING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**")[2] for the entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: RCS Capital Corporation (4716); American National Stock Transfer, LLC (3206); Braves Acquisition, LLC (6437); DirectVest, LLC (9461); J.P. Turner & Company Capital Management, LLC (7535); RCS Advisory Services, LLC (4319); RCS Capital Holdings, LLC (9238); Realty Capital Securities, LLC (0821); SBSI Insurance Agency of Texas, Inc. (9203); SK Research, LLC (4613); Trupoly, LLC (5836); and We R Crowdfunding, LLC (9785). The Debtors' corporate headquarters and mailing address is located at 405 Park Avenue, 12th Floor, New York, NY 10022.

01:18220960.1

of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors' chapter 11 cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3.      The Clerk of the Court shall maintain one file and one docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Debtor RCS Capital Corporation, Case No. 16-10223 (___).

4.      All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RCS CAPITAL CORPORATION, et al., | ) | Case No. 16–10223 (   ) |
| | ) | |
| | ) | Jointly Administered |
| Debtors.[1] | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: RCS Capital Corporation (4716); American National Stock Transfer, LLC (3206); Braves Acquisition, LLC (6437); DirectVest, LLC (9461); J.P. Turner & Company Capital Management, LLC (7535); RCS Advisory Services, LLC (4319); RCS Capital Holdings, LLC (9238); Realty Capital Securities, LLC (0821); SBSI Insurance Agency of Texas, Inc. (9203); SK Research, LLC (4613); Trupoly, LLC (5836); and We R Crowdfunding, LLC (9785). The Debtors' corporate headquarters and mailing address is located at 405 Park Avenue, 12th Floor, New York, NY 10022.

5.     The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

6.     All original pleadings shall be captioned as indicated in the preceding decretal paragraph, and the Clerk of the Court shall make docket entries in the dockets of each of the chapter 11 cases other than the chapter 11 case of Debtor RCS Capital Corporation, substantially as follows:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of RCS Capital Corporation; American National Stock Transfer, LLC; Braves Acquisition, LLC; DirectVest, LLC; J.P. Turner & Company Capital Management, LLC; RCS Advisory Services, LLC; RCS Capital Holdings, LLC; Realty Capital Securities, LLC; SBSI Insurance Agency of Texas, Inc.; SK Research, LLC; Trupoly, LLC; and We R Crowdfunding, LLC. The docket in the chapter 11 case of RCS Capital Corporation, Case No. 16-10223, should be consulted for all matters affecting this case.

7.      Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  February _____, 2016
        Wilmington, Delaware

_____

United States Bankruptcy Judge