# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
RCS CAPITAL CORPORATION, et al.,                    : Case No. 16-10223 (MFW)
                                                    :
          Debtors.[1]                               : Jointly Administered
---------------------------------------------------------------- x  Re: Docket Nos. 532, 628

## ORDER ALLOWING FOR THE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS UNDER INSURANCE POLICIES

Upon consideration of the motion (the "Motion")[2] of the Moving D&Os for entry of an order, pursuant to sections 105(a) and 362 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1, (i) authorizing, to the extent required, the Insurers to make payments of Defense Costs in the D&O Matters to and on behalf of the Moving D&Os as provided for in the D&O Insurance policies, and (ii) lifting the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent that it applies, to allow such payments; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and consideration of the Motion and the

---

[1] The "RCS Debtors" in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: RCS Capital Corporation (4716); American National Stock Transfer, LLC (3206); Braves Acquisition, LLC (6437); DirectVest, LLC (9461); J.P. Turner & Company Capital Management, LLC (7535); RCS Advisory Services, LLC (4319); RCS Capital Holdings, LLC (9238); Realty Capital Securities, LLC (0821); SBSI Insurance Agency of Texas, Inc. (9203); SK Research, LLC (4613); Trupoly, LLC (5836); and We R Crowdfunding, LLC (9785).

The "Cetera Debtors" in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Cetera Advisor Networks Insurance Services LLC (2417); Cetera Advisors Insurance Services LLC (5434); Cetera Financial Group, Inc. (8666); Cetera Financial Holdings, Inc. (8663); Cetera Financial Specialists Services LLC (7737); Cetera Insurance Agency LLC (0645); Chargers Acquisition, LLC (6470); FAS Holdings, Inc. (7417); First Allied Holdings Inc. (7319); ICC Insurance Agency, Inc. (9587); Investors Capital Holdings, LLC (3131); Legend Group Holdings, LLC (8262); SBS Financial Advisors, Inc. (None Assigned); SBS Insurance Agency of Florida, Inc. (5829); SBS of California Insurance Agency, Inc. (5203); Summit Capital Group, Inc. (3015); Summit Financial Services Group, Inc. (7932); Summit Holding Group, Inc. (3448); and VSR Group, LLC (0470).

As used herein, the term "Debtors" refers to both the RCS Debtors and Cetera Debtors.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion and any objections filed in response thereto; and upon the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the RCS Debtors' estates, their creditors, and other parties-in-interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein. All objections to the relief requested in the Motion are hereby resolved by the terms of this Order or overruled.

2. To the extent authorization is required, the Insurers are authorized to make payments to or on behalf of the Moving D&Os for Defense Costs covered under the D&O Insurance in connection with the D&O Matters, and the automatic stay is hereby lifted, to the extent necessary, to effectuate the relief granted herein; provided, that the relief requested herein shall extend to New Actions and New Defendants to the extent that the Moving D&Os serve a notice on (i) the U.S. Trustee, (ii) counsel to the Committee, (iii) counsel to the Required Consenting First Lien Lenders, (iv) counsel to the Required Consenting Second Lien Lenders, (v) counsel to the Required Consenting Second Lien Lenders, (vi) counsel to Luxor, (vii) respective counsel to the Oklahoma Police Pension Fund and Retirement System and the City of Providence, Rhode Island, (viii) lead counsel to the plaintiffs in In re: American Realty Capital

Properties Inc. Litigation (15-mc-0030-AKH); (ix) Counsel to the Trust Administrator and (x) the RCS Debtors (collectively the **"Notice Parties"**) identifying the New Actions and/or New Defendants that the Moving D&Os propose this Order shall extend to and an objection is not received from the Notice Parties within 10 days of the date of such service.

3. Payments made by the Insurers under the D&O Insurance policies pursuant to this Order shall not be considered a violation of the automatic stay, nor shall such proceeds be considered property of the RCS Debtors' estates to the extent actually paid; provided, that subject to the terms of the D&O Insurance policies, the RCS Debtors reserve the right to assert an ownership claim for the benefit of their estates and creditors with respect to any D&O Insurance proceeds that remain after the payments authorized pursuant to the Order; provided further, however, that the rights of all parties with an interest in the D&O Insurance proceeds (including, but not limited to, all plaintiffs and defendants named, or to be named, in the Weston Litigation, the FINRA Proceeding, and the Hay Litigation) to oppose any such claim on any basis are reserved and nothing herein is intended or shall be deemed to be a finding with respect to any such claim. Nothing herein shall alter, amend, release, or otherwise impact any provision of any of the D&O Insurance policies or constitute a determination with respect to the availability of or entitlement to coverage under any of the D&O Insurance policies.

4. Except to the extent a court of competent jurisdiction subsequently determines otherwise, payments made by the Insurers under the D&O Insurance policies pursuant to this Order shall reduce the applicable limits of liability.

5. The RCS Debtors shall have the right to reinstate the automatic stay, upon cause shown and written notice to the Insurers and the Notice Parties in the event cause for the relief

provided in this Order should cease to exist, with all rights of the Insurers and the Notice Parties to object or otherwise respond thereto being fully preserved.

6. Each Insurer shall provide to general counsel to AR Global, LLC (the "**Company**"), via first-class mail delivered to 405 Park Avenue, New York, NY 10002 (Attn: Mary Coyne), with a copy addressed to the Company's coverage counsel, McKool Smith PC, One Bryant Park, 47th Floor, New York, NY 10036 (Attn: Robin Cohen, Esq.), or such other counsel as may be specified by the Company upon written notice to the Insurer, no more than 45 days after the last day of each calendar quarter while any one of the D&O Matters or New Actions are pending (the "**Reporting Date**"), and solely to the extent that the relevant Insurer advanced or paid amounts to the Moving D&Os or a New Defendant under one or more of the D&O Insurance policies during the quarter immediately prior to the Reporting Date, a report (each, a "**Report**") stating: (i) the total amount disbursed through the last day of the quarter immediately prior to the Reporting Date under the relevant D&O Insurance policy or policies issued by the Insurer; (ii) the aggregate amount of fees, costs, and/or other losses of any sort incurred by all of the Insured Persons for which the Insured Persons and/or the RCS Debtors are seeking payment under such D&O Insurance policy or policies but for which the Insurer has not yet made disbursement through the last day of the quarter immediately prior to the Reporting Date; and (iii) to the best knowledge of the Insurer, the total coverage remaining under the D&O Insurance policy or policies issued by such Insurer. Within five business days of actual receipt, the Company shall distribute each Report it receives to respective counsel to the Notice Parties and the administrator (the "**Trust Administrator**") of any trust formed pursuant to a chapter 11 plan in these cases for the benefit of general unsecured creditors ("**Creditor Trust**"), with a copy to any counsel retained by the Trust Administrator.

85200320.2

7.      All Report information shall be provided on an attorneys'-eyes only basis, except with respect to the Trust Administrator, which shall receive Report information directly with a copy to any counsel retained by the Trust Administrator, and shall not be shared without anyone other than counsel to the Company, counsel to the Moving D&Os, respective counsel to the Notice Parties, and the Trust Administrator and any counsel retained by the Trust Administrator. Except as provided for herein, in no event shall any Reports or information contained in such Reports provided in accordance with this Order be shared with counsel to, or anyone affiliated with, any of the actions comprising the D&O Matters or a New Action.

8.      An Insurer's obligation to provide Report information to counsel to the Company shall terminate as to the relevant party upon the earlier of: (i) the depletion of the applicable limits of liability under the D&O Insurance policy or policies issued by the Insurer; and (ii) the termination of any Creditor Trust formed pursuant to a chapter 11 plan in these cases.

9.      The Reports shall not include any information subject to the attorney-client privilege or the attorney work product doctrine, shall not include any description of work, billing statements, or time entries, and, unless otherwise ordered by the Court, shall not be filed on the docket in the Debtors' chapter 11 cases or disclosed to any other party other than counsel to the Company, counsel to the Moving D&Os, respective counsel to the Notice Parties, the Trust Administrator and any counsel retained by such Trust Administrator.

10.     The Moving D&Os shall execute an undertaking in favor of any Insurer that provides advancement of fees and costs to the Moving D&Os under any applicable insurance policy, in a form to be agreed upon by the Moving D&Os and paying Insurer(s).

11.     The relief granted in this Order shall apply solely in connection with the D&O Matters specified herein and in the Motion. For the avoidance of doubt, all parties' rights with

respect to the issue of whether any proceeds of any such insurance policies are property of the Debtors' estates are expressly reserved and the entry of this Order shall not impact any determination with respect thereto.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Moving D&Os and the Insurers are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order

Date: May 2, 2016

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

85200320.2